Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Bldg.
600 S. Maestri Place
New Orleans, LA 70130-3408

    Re:    *Wilkinson v. Pinnacle Lodging, et al.*, No. 22-30556

Dear Mr. Cayce:

    We write pursuant to Federal Rule of Appellate Procedure 28(j) to inform the Court of pertinent authority not addressed in the parties' briefs: *Djie v. Garland*, 39 F.4th 280 (5th Cir 2022).

    In our amicus brief, we explained how Congress's amendments to Title VII in the Civil Rights Act of 1991 altered the way courts must analyze liability. Br. of EEOC as Amicus Curiae at 21-27. In its Answering Brief, Appellees argue that the Court should not consider this argument because Wilkinson did not raise it in his Opening Brief, and thus, it has been forfeited. Ans. Br. at 65-66. On the contrary, as explained in *Djie*, 39 F.4th at 286 n.3, the parties "cannot waive the proper interpretation of" a statute. *Id.* (citing *United States v. Sanchez-Hernandez*, 931 F.3d 408, 411 (5th Cir. 2019)). Specifically, "when an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *Id.* (quoting *Kamen v. Kemper Fin. Servs.*, 500 U.S. 90, 99 (1991)). Accordingly, the Court retains the power and obligation to apply the correct post-1991-amendment interpretation of Title VII, regardless of whether the parties raised it.

        Respectfully,
        */s Dara S. Smith*

        Dara S. Smith
        Assistant General Counsel, Appellate Litigation Services
        U.S. Equal Employment Opportunity Commission
        (202) 921-3256
        dara.smith@eeoc.gov